# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JIMMY JERMAINE POTTS | : CIVIL ACTION |
|---|---|
| v. | : NO. 17-5278 |
| KATHY BRITTAIN, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                         **October 24, 2019**

Jimmy Jermaine Potts returns with another *habeas* petition challenging the Pennsylvania trial court's sentence after the jury convicted him in October 2013 of, among other things, first degree murder. We denied his first *habeas* petition challenging the trial court's rulings because he failed to exhaust his Pennsylvania post-conviction remedies. Our Court of Appeals then denied Mr. Potts's application for a certificate of appealability from our denial of this earlier *habeas* petition. He now returns with another *habeas* petition arguing ineffective assistance of his trial counsel and the state Post-Conviction Relief Act court did not allow him to vindicate his ineffective assistance of counsel petition. He could have raised the ineffective assistance claim long ago. He offers no reason why he did not. Judge Wells found his present *habeas* petition is time barred in a detailed Report and Recommendation. Mr. Potts did not object to Judge Wells' Report and Recommendation. We adopt Judge Wells's Recommendation and dismiss Mr. Potts's latest *habeas* petition as barred by the limitations period set by Congress. We decline to issue a certificate of appealability.

**I.     Analysis**

On October 3, 2013, a Pennsylvania jury convicted Jimmy Jermaine Potts of first-degree murder, attempted homicide, aggravated assault, reckless endangerment, criminal conspiracy, and possession of an instrument of a crime.[1] On November 26, 2013, the trial court sentenced Mr.

Potts to life in prison plus twenty-seven to fifty-four years of incarceration.[2] On December 19, 2013, Mr. Potts filed a notice of appeal.[3] On March 3, 2015, the Pennsylvania Superior Court affirmed his conviction.[4] Absent a petition for relief to the Pennsylvania Supreme Court, his conviction became final on April 2, 2015.

On March 4, 2016, Mr. Potts sought relief under the Post-Conviction Relief Act in Pennsylvania trial court.[5] The court appointed Robert P. Brendza as Mr. Potts' Post-Conviction Relief Act counsel.[6] Attorney Brendza moved to withdraw and submitted a letter of "no merit."[7] The court accepted his letter.[8] On June 11, 2016, the court issued a Rule 907 Notice of Intent to Dismiss Mr. Potts's Post Conviction Relief Act petition without a hearing.[9] Mr. Potts requested copies of his trial transcript, related documents, and permission to proceed in his Post-Conviction Relief Act proceeding *pro se*.[10] On July 21, 2016, the Pennsylvania trial court dismissed Mr. Potts's Post-Conviction Relief Act petition and denied his request for trial records.[11] Mr. Potts did not appeal.[12]

On May 16, 2017, Mr. Potts petitioned for *habeas* relief in No. 17-2248. We denied his petition on May 30, 2017. Our Court of Appeals denied his application for a certificate of appealability on September 7, 2017.[13]

Approximately ten weeks later on November 13, 2017,[14] Mr. Potts filed this *habeas corpus* petition arguing: (1) ineffective assistance of counsel because his attorney failed to seek the trial judge's recusal; and, (2) the Post-Conviction Relief Act court violated his rights when it refused to provide his trial record and allow him to vindicate his ineffective assistance of counsel claim.[15] The Commonwealth opposed Mr. Potts's petition as time barred under the one year period of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996.

2

**II.     Analysis**

We referred Mr. Potts's *habeas corpus* petition to Magistrate Judge Wells under 28 U.S.C. § 636(b)(1)(B).[16] Judge Wells applied the Anti-Terrorism and Effective Death Penalty Act of 1996 period of limitation to Mr. Potts's petition.[17] The Act imposes a one year period of limitations for *habeas corpus* petitions.[18] Judge Wells correctly identified April 2, 2015 as the date on which Mr. Potts's conviction became final.[19] Because Mr. Potts did not appeal, the Act's limitation expired April 2, 2016.[20] He did not file his first *habeas* petition until May 16, 2017. He filed this second *habeas* petition on November 13, 2017, more than nineteen months past the April 2, 2016 deadline.[21]

Judge Wells found Mr. Potts's second petition untimely but proceeded to analyze the untimely petition under both statutory and equitable tolling exceptions to the Act's one year period of limitation.[22] She first found due to the statutory tolling provision Mr. Potts's period of limitation expired on September 19, 2016.[23] Mr. Potts failed to meet the September 19, 2016 deadline.[24] Judge Wells then found Mr. Potts "neither identified nor demonstrated any extraordinary circumstance(s)" preventing timely filing, and Mr. Potts did not demonstrate "diligence in pursuing his cognizable claims."[25] Judge Wells also found Mr. Potts did not show cause for equitable tolling.[26] As Judge Wells explained, "[a] fourteen month delay evidences an inexcusable lack of diligence."[27]

Mr. Potts did not object to Judge Wells's Report and Recommendation. "Under Rule 8(b) of the Rules Governing Section 2254 Cases, 'a district court is not required to determine *de novo* whether a magistrate judge erred ... in ... her report and recommendation if no objection was made by a party on that ground.'"[28] "When no objection is made to a report and recommendation, [we] review the recommendation only for clear error."[29]

3

Judge Wells fully described the limitation bar. She properly analyzed the tolling doctrines and concluded Mr. Potts did not show a basis for tolling. He cannot explain why we should except his case from Congress' mandate. His claims are barred. We find no error in Judge Wells's Report and Recommendation.

## III. Conclusion

We adopt Judge Wells's Report and Recommendation and dismiss the petition in an accompanying Order. We also find no basis for a certificate of appealability as jurists of reason would agree with our conclusion Mr. Potts's claims are procedurally defaulted and he presents no basis to toll the deadlines set by Congress.

---

[1] ECF Doc. No. 1 at p. 1; ECF Doc. No. 5 at pp. 6-7.

[2] ECF Doc. No. 1 at p. 1; ECF Doc. No. 5 at p. 7.

[3] ECF Doc. No. 5 at p. 7.

[4] ECF Doc. No. 1 at p. 2; ECF Doc. No. 5 at p. 7; *Commonwealth v. Potts*, No. 9 EDA 2014, 2015 WL 7458798 (Pa. Super. Ct. Mar. 3, 2015).

[5] ECF Doc. No. 1 at p. 14; ECF Doc. No. 5 at p. 7.

[6] ECF Doc. No. 5 at p. 7.

[7] 550 A.2d 213 (Pa. Super. Ct. 1988) (requiring counsel explain issues raised in *pro se* pleadings lack arguable merit).

[8] ECF Doc. No. 5 at p. 7.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Dkt. No. 17-2419 (3d Cir. Sept. 7, 2019) (also filed in our Court at No. 17-2248, ECF Doc. No. 7).

[14] The Clerk of Court docketed this *habeas corpus* petition on November 21, 2017. But because Mr. Potts is a *pro se* inmate we deem his petition filed the date he handed it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under penalty of perjury, Mr. Potts swore he placed his petition in the prison mailing system on November 13, 2017. ECF Doc. No. 1 at p. 15. Under *Burns*, Mr. Potts filed his petition on November 13, 2017.

[15] ECF Doc. No. 1 at pp. 5, 7.

[16] ECF Doc. No. 7 at p. 1.

[17] *Id.* at p. 2.

[18] *Id.*; *see also* 28 U.S.C. § 2244(d)(1).

[19] ECF Doc. No. 7 at p. 3 (citing 28 U.S.C. § 2244(d)(1)(A)).

[20] *Id.*

[21] ECF Doc. No. 1.

[22] ECF Doc. No. 7. at pp. 3-5.

[23] *Id.* at p. 4.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at p. 5 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding a delay of just five months revealed a disqualifying lack of diligence)).

[28] *Leyva v. Williams*, 504 F.3d 357, 363 n.7 (3d Cir. 2007) (quoting *Medina v. Diguglielmo*, 461 F.3d 417, 426 (3d Cir. 2006)).

[29] *Pelzer v. Mahally*, 388 F. Supp. 3d 366, 369 (M.D. Pa. 2019) (citing Fed. R. Civ. P. 72(b)).