IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JIMMY JERMAINE POTTS | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 17-5278 |
| KATHY BRITTAIN, *et al.* | : | |

# ORDER

**AND NOW**, this 24th day of October 2019, upon considering Mr. Potts's Petition for writ of *habeas corpus* (ECF Doc. No. 1), the Response (ECF Doc. No. 5), after careful and independent study of United States Magistrate Judge Carol Sandra Moore Wells's September 19, 2019 Report and Recommendation (ECF Doc. No. 7), neither party having objected[1] to Judge Wells's Report and Recommendation, and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. Judge Wells's extensive and well-reasoned Report and Recommendation (ECF Doc. No. 7) is **APPROVED** and **ADOPTED**;

2. Mr. Potts's Petition for writ of *habeas corpus* (ECF Doc. No. 1) is **DISMISSED** and **DENIED**, without an evidentiary hearing;

3. A certificate of appealability **SHALL NOT** issue as Mr. Potts has not demonstrated reasonable jurists would debate the correctness of the procedural aspects of this ruling nor has he made a substantial showing of the denial of a constitutional right;[2] and,

---

[1] *See* Local R. Civ. P. 72.1(IV)(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."); *Leyva v. Williams*, 504 F.3d 357, 363 n.7 (3d Cir. 2007) ("Under Rule 8(b) of the Rules Governing Section 2254 Cases, 'a district court is not required to determine *de novo* whether a magistrate judge erred ... in ... her report and recommendation if no objection was made by a party on that ground.'") (quoting *Medina v. Diguglielmo*, 461 F.3d 417, 426 (3d Cir. 2006)).

[2] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4. The Clerk of Court shall **CLOSE** this case.

_____
KEARNEY, J.